

# FILIPPATOS PLLC
Employment Law, Litigation & ADR

Tanvir H. Rahman  
Admitted in NY & NJ

199 Main Street, Suite 800  
White Plains, NY 10601  
filippatoslaw.com • bestworkplacelawyers.com

Phone/Fax: 914-984-1111  
trahman@filippatoslaw.com

February 7, 2025

**VIA ECF**  
The Hon. Kenneth M. Karas  
United States District Court for the Southern District of New York  
300 Quarropas Street  
White Plains, New York 10601

Re: **Pompey v. County of Westchester, et al., 23-CV-9337 (KMK) (JM)**

Dear Judge Karas:

On behalf of Plaintiff Chevor Pompey, we write in response to Defendants' February 5, 2025, request to file certain exhibits in their anticipated motion for summary judgment under seal. Dkt. No. 46.

First, as we expressed to counsel for Defendants prior to their filing of the February 5, 2025, request, Plaintiff has **no objection** to filing the following proposed exhibits under seal: **Exhibits K; M-V; X-Z; AA; BB; and CC.**

Plaintiff does, however, object to the filing of proposed **Exhibits J** ("December 8, 2020, memo regarding promotion recommendations"), **S** ("December 3, 2021, memo regarding promotion recommendations"), and **W** ("November 18, 2022 memo regarding promotion recommendations") under seal. At its heart, this is failure to promote case in which Plaintiff alleges that he was repeatedly passed over by the Westchester County Law Department's Family Court Bureau for promotions in favor of white or Hispanic, predominantly female, peers, including those whom he trained and who joined the Law Department well after he did. Respectfully, rather than seal these critical promotion memos which set forth the purported reasons why certain individuals were promoted over Plaintiff, and which Defendants admit contain "information [that] is directly relevant to Defendants' motion" (Dkt. No. 46 at 2), the names of non-parties should instead be *redacted* consistent with the strong presumption that documents material to an adjudication are accessible to the public. See Lugosch v. Pyramid Co., 435 F.3d 110, 123 (2d Cir. 2006) (documents submitted in connection with motions for summary judgment entitled to "the highest" presumption of access and should not be sealed "absent the most compelling reasons"); Lytle v. JPMorgan

Chase, 810 F. Supp. 2d 616, 632 (S.D.N.Y. 2011) (unsealing all documents in support of or in opposition to defendant's motion for summary judgment in their entirety, except for documents which contained personal information, which were redacted).

We thank Your Honor for the Court's attention to this matter.

Respectfully submitted,

*[signature]*

Tanvir H. Rahman

cc:   All Counsel of Record (*via* ECF)

> Given consent of Plaintiff and the reasons proffered by Defendants, the Court grants the application to seal Exhibits K; M-V; X-Z; AA; BB; and CC. However, the Court agrees Plaintiff that Exhibits should be redacted to only bar public filing of the names of the non-parties identified in Exhibits J, S, and W.
>
> So Ordered
> 2/12/25